UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:20-CR-00092-01 |
| | * | |
| VERSUS | * | |
| | * | JUDGE SUMMERHAYS |
| MELVIN YOVANNI | * | |
| MARADIAGA-LEINUS | * | MAGISTRATE JUDGE WHITEHURST |

## **PRELIMINARY ORDER OF FORFEITURE**

**WHEREAS**, pursuant to the Indictment (Record Doc. 1, and the Plea Agreement (Record Doc. 28) entered by the Defendant, the United States sought forfeiture of the following:

    a. Beretta Storm 9mm semi-automatic handgun and

    b. Twelve (12) rounds of 9mm caliber ammunition.

**IT IS HEREBY ORDERED THAT:**

    1. As the result of guilty plea on Count 1 of the Indictment, for which the Government sought forfeiture in the executed Plea Agreement, the defendant shall forfeit to the United States all of his right, title and interest in the following property:

    a. Beretta Storm 9mm semi-automatic handgun and

    b. Twelve (12) rounds of 9mm caliber ammunition

(hereinafter, the "PROPERTY").

    2. The Court has determined, based on the evidence already in the record and the defendant's Plea Agreement (Record Doc. 28), that the PROPERTY is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the government has established the requisite nexus between the PROPERTY and the offense, and that the defendant has agreed to said forfeiture.

3. Upon the entry of this Order, the United States/Attorney General (or a designee); is authorized to seize the PROPERTY, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the PROPERTY subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States/Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States/Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject PROPERTY. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant, in accordance with Fed. R. Crim. P. 32.2(c)(1).

6. Any person, other than the above named defendant, asserting a legal interest in the Subject PROPERTY may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject PROPERTY, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) or 28 U.S.C. § 2461(c).

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject PROPERTY shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject PROPERTY, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject PROPERTY, any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject PROPERTY following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c)] for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward a certified copy of this order to Assistant U.S. Attorney David J. Ayo, U.S. Attorney's Office, Western District of Louisiana.

THUS DONE AND SIGNED this 4th day of September, 2020, at Lafayette, Louisiana.

_____
ROBERT R. SUMMERHAYS
United States District Judge